# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| ABRAR U. HAQUE, | ) | CASE NO.    1:05 CR 182 |
|  | ) |  |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| UNITED STATES OF AMERICA, | ) | MEMORANDUM OPINION |
|  | ) | AND ORDER |
| Respondent. | ) |  |

This matter comes before the Court upon Abrar U. Haque's ("Petitioner's") Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255.  (ECF #546.)

## FACTUAL AND PROCEDURAL HISTORY

On February 1, 2006, a federal Grand Jury returned an indictment against Petitioner Abrar U. Haque and others.  The Petitioner was charged with RICO conspiracy; conspiracy to defraud the United States by impairing and impeding the lawful functions of the Internal Revenue Service; making and subscribing false individual and employment tax returns; conspiracy to launder money; money laundering; fraudulent misuse of visas; wire fraud; mail fraud; bank fraud; healthcare fraud; interstate transportation of property taken by fraud; and making false statements to a federal officer.  On September 26, 2006, trial commenced for Petitioner and two co-defendants.  On October 16, 2006, the jury returned guilty verdicts against Petitioner on 61 of 64 counts.  On January 9, 2007, Petitioner was sentenced to 144 months imprisonment and three years supervised release.

January 23, 2007, Petitioner filed an appeal of his convictions and sentence.  (ECF #373).

The Sixth Circuit denied Petitioner's direct appeal on February 26, 2009, affirming the convictions and sentence.  *United States v. Haque*, 315 Fed. Appx. 510 (6th Cir. 2009). Petitioner's petition for writ of certiorari to the U.S. Supreme Court was denied on October 14, 2009.  (ECF #501).

## **LEGAL STANDARD**

A petitioner that moves to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 must demonstrate that:  (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or, (4) it is otherwise subject to collateral attack.  *See* 28 U.S.C. § 2255.

It is well settled that relief under Section 2255 is not available for errors that are not of a constitutional or jurisdictional magnitude, and that could have been reached on direct appeal. *Stone v. Powell*, 428 U.S. 465, 477 (1976).  "Once the defendant's chance to appeal has been waived or exhausted, however, we are entitled to presume he stands fairly and finally convicted."  *United States v. Frady*, 456 U.S. 152, 166 (1982).

## **ANALYSIS**

Petitioner raises arguments based on an alleged change in law and an allegation of ineffective assistance of counsel. Specifically, Petitioner claims:

(1)     He is innocent of the crime of money laundering based on the intervening Sixth Circuit decision in *United States v. Kratt*, and the United State Supreme Court decision in *United States v. Santos*, and his sentence must be vacated because the checks for cash exchange conduct as alleged in the indictment, based on "gross receipts" was beyond the power of the criminal law making authority to proscribe.

(2)    He was denied his Sixth Amendment right to effective
assistance of counsel before his trial, for his counsel's
failure to claim mandatory dismissal under the Speedy
Trial Act to dismiss the original indictment filed April 13,
2005, or the superceding indictment on February 1, 2006.

(3)    He was denied his Sixth Amendment right to effective
assistance of counsel because his defense counsel was
ineffective for failing to object during the suppression
hearing to the unlawfulness of the search which was
conducted on February 3, 2005, which was in violation of
his Fourth Amendment rights because the search warrant
did not contain an incorporated sworn affidavit, and
resulted in an overboard search and seizure.

(ECF #546).

## I. <u>Money Laundering</u>

Petitioner argues that he entitled to a reversal of his conviction based on the Supreme

Court decision in *United States v. Santos*, 128 S. Ct. 2020 (2008), as interpreted by the Sixth

Circuit in *United States v. Kratt*, 579 F. 3d 558 (6th Cir. 2009).  In *Santos*, the defendant ran an

illegal gambling business, and the transactions forming the basis of his money laundering

conviction were payments to his employees for services rendered and payouts to lottery winners.

*Santos*, 128 S. Ct. at 2023 (2008).  The issue in *Santos* was whether "proceeds" for purposes of

the money laundering statute, 18 U.S.C. § 1956(a)(1)(A)(I), means profits or gross receipts.  The

Court concluded that based on the facts set forth in *Santos* the word "proceeds," as used in the

federal money laundering statute, means profits and not gross receipts.  *Id.* at 2031. Because the

appellant in *Santos* had been convicted of money laundering using the gross receipts definition

of "proceeds," a plurality overturned his conviction of money laundering in a 4-1-4 decision.

The plurality opinion interpreted "proceeds" to mean profits, applying the rule of lenity and

observing that, "nearly every violation of a number of predicate offenses listed in 1956(f)(3) also

violate the money laundering statute and money laundering sometimes radically increases the statutory maximum sentence compared to the merged offense itself." *Santos*, 128 S. Ct. at 2026. In *Santos*, operating an illegal lottery had a statutory maximum of five years, while a money laundering conviction under section 1956 raised the statutory maximum to 20 years. *Id*. at 2027.

However, in *Kratt* the Sixth Circuit clearly stated that the holding in *Santos* was only to be used in narrow situations. *Kratt*, 579 F. 3d at 563. In *Kratt*, the court interpreted *Santos* and developed a two-prong test for applying the *Santos* decision. The *Kratt* court found:

> "[p]roceeds" does not always mean profits, as Justice Scalia concluded [in Santos]; it means profits only when the § 1956 predicate offense creates a merger problem that leads to a radical increase in the statutory maximum sentence and only when nothing in the legislative history suggests that Congress intended such an increase.

*Id*. at 562. To determine whether profits are the appropriate measure of "proceeds" under § 1956, then, the Court must ask: (1) whether the predicate offense (i.e., the "specified unlawful activity") under § 1956 merges with the money-laundering offense such that a defendant could be punished separately, and more severely, for money laundering arising out of that underlying offense; and, (2) if so, whether the legislative history suggests that Congress intended this effect. *Id*. Applying this test, the Sixth Circuit in *Kratt* interpreted "proceeds" to mean gross receipts.

Here there is no merger problem that would cause the Petitioner to be punished more severely by being convicted solely under § 1956. In addition to being found guilty of money laundering and conspiracy to launder money, Petitioner was convicted of RICO conspiracy, 18 U.S.C. § 1962(d), wire fraud, 18 U.S.C. § 1343, bank fraud, 18 U.S.C. §1344, mail fraud, 18 U.S.C. § 1341, interstate transportation of property taken by fraud, 18 U.S.C. § 2314, and several

4

other charges.  Haque was sentenced to concurrent sentences of 144 months for multiple counts exclusive of money laundering charges. This case is easily distinguishable from *Santos* due to the fact that the predicate offense does not create a merger problem that leads to a drastic increase in the statutory maximum sentence.  Therefore, Petitioner is not entitled to a reversal of his conviction because the Supreme Court's decision in *Santos* is inapplicable to Petitioner's case.

## II. Ineffective Assistance of Counsel

In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that his attorney's performance fell below an objective standard of reasonableness, and this failure prejudiced the petitioner's defense.  *Strickland v. Washington*, 466 U.S. 668, 694 (1984). Judicial scrutiny of counsel's performance must be "highly deferential" and a court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689 (citations omitted).   The Sixth Circuit has also recognized the importance of deferring to the professional judgment of defense counsel in the determination of trial related decisions.  *See Lewis v. Alexander*, 11 F.3d 1349, 1353-54 (6th Cir. 1993) (holding, "counsel may exercise his professional judgment with respect to the viability of certain defenses and evidentiary matters without running afoul of the Sixth Amendment").

In his first argument Petitioner claims that he was denied effective assistance of counsel because his counsel failed to claim mandatory dismissal under 18 U.S.C. §§ 3162(a)(1), 3162(a)(2) ("the Speedy Trial Act") to dismiss the original indictment (Apr. 14, 2005) and

superceding indictment (Feb. 1, 2006). Mr. Haque's basis for this claim is that his trial did not begin within 70 days from when he was charged or made an initial appearance. However, Petitioner ignores the exclusions and extensions to this time period, which he either initiated or agreed to. *See* 18 U.S.C. § 3161(h). The Court finds that the government's reply sets forth the facts on this issue fully and accurately and therefore adopts the government's recitation of those facts for purposes of this opinion. (ECF #563, pp. 12-14). Petitioner formally waived his Speedy Trial rights within 70 days, in documents signed by petitioner, or statements on the record. (ECF #156), (ECF #210), (ECF #554). In these statements, Petitioner requested or agreed to extensions that were necessary to give the Petitioner's attorney the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. Further, even if there were a clear violation of the Speedy Trial Act, Petitioner must show that the violations of the Speedy Trial Act prejudiced him. Haque alleges no specific acts of prejudice, and he instead makes only conclusory allegations that the violations "prejudiced the petitioner without a shadow of a doubt in violation of the federal constitution," and were "unreasonable and extremely prejudicial." (ECF #546, pp. 22, 23). It is clear after reviewing the record that there was no violation of the Speedy Trial Act, and that any extension of the trial date did not prejudice the Petitioner. Therefore, Petitioner cannot establish ineffective assistance of counsel on this basis.

In his second argument Petitioner claims that he was denied effective assistance of counsel based on his counsel's failure to object to search warrants executed February 3, 2005. Specifically, Petitioner alleges that the search and seizure occurring February 3, 2005 was unconstitutional because the "search warrants did not accompany/incorporate any sworn

6

affidavit resulting in overbroad seizures by agents without knowledge of probable cause of any criminal activity." (ECF #546).  In his motion Petitioner correctly observes that prior to trial his counsel did file a motion to dismiss based on evidence obtained through the February 3, 2005 search and seizure.  *Id.*  This motion was denied because the trial court said there was "[a]bsolutely no evidence whatsoever presented to support allegations in this motion."  The issue was again raised on appeal by Petitioner.  *United States v. Haque*, 315 Fed. Appx. 510 (6th. Cir. 2009).  The Sixth Circuit denied that appeal, stating that the defendant waived his right to present evidence and instead asked the court to decide their motions on the pleadings, and the trial court correctly concluded that the pleadings alone were inadequate to meet their evidentiary burden. *Id.* at 517.  Petitioner alleges that because his counsel did not present adequate evidence to support his allegations, this is proof that his counsel's conduct fell below an objective standard of reasonableness.  Petitioner's second argument alleging ineffective assistance of counsel also fails because he received reasonably effective representation on this matter, and there is no evidence upon which the Court could have found in Petitioner's favor on that issue.

Petitioners various arguments as to why he was denied effective counsel based on his counsel's failure to object to items of evidence, or present adequate evidence to support an objection to evidence gathered by a search warrant are all meritless.  Petitioner has not offered any evidence that he believes could have been presented to support his motion to dismiss evidence, nor has he shown that the presentation of any available evidence would have led to a different outcome.  Further, Petitioner's claim that the search warrants did not incorporate any affidavit is false.  Contrary to Petitioner's assertions, there was an affidavit incorporated into each search warrant package.  Each of the four search warrants had a common affidavit, and

each warrant referenced this common affidavit stating, "[s]ee attached Affidavit hereby incorporated by reference as if fully restated herein."  Finally, the valid warrant was not overbroad.  In cases involving fraudulent business documents, similar to this, various courts have authorized the search for general business records or any records relevant to proving the taxpayer's income and expenses.. *See e.g. United States v. Abboud*, 438 F. 3d 554, 575 (6th Cir. 2006); *United States v. McManus*, 719 F.2d 1395, 1400 (6th Cir. 1984).  There is no requirement that the government must specifically list each document that they wish to seize during a search.

## CONCLUSION

For the reasons set forth above, Petitioner's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF #546) is DENIED. IT IS SO ORDERED.


   /s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge


DATED:   February 24, 2011

8