IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ABRAR HAQUE, ) | CASE NO. 1:05 CR 182 |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | JUDGE DONALD C. NUGENT |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | MEMORANDUM OPINION |
| ) | **AND ORDER** |

This matter is before the Court on Petitioner, Abrar U. Haque's Motion for Reconsideration Pursuant to Fed. R. Civ. P. 59(e). (Docket #569.)

## FACTUAL AND PROCEDURAL HISTORY

On February 1, 2006, a federal Grand Jury returned an indictment against Petitioner Abrar U. Haque and others. Petitioner was charged with RICO conspiracy; conspiracy to defraud the United States by impairing and impeding the lawful functions of the Internal Revenue Service; making and subscribing false individual and employment tax returns; conspiracy to launder money; money laundering; fraudulent misuse of visas; wire fraud; mail fraud; bank fraud; healthcare fraud; interstate transportation of property taken by fraud; and making false statements to a federal officer. On September 26, 2006, trial commenced for Petitioner and two co-defendants. On October 16, 2006, the jury returned guilty verdicts against

Petitioner on 61 of 64 counts. On January 9, 2007, Petitioner was sentenced to 144 months imprisonment and three years supervised release.

On January 23, 2007, Petitioner filed an appeal of his convictions and sentence. (Docket #373). The Sixth Circuit denied Petitioner's direct appeal on February 26, 2009, affirming the convictions and sentence. *United States v. Haque*, 315 Fed. Appx. 510 (6th Cir. 2009). Petitioner's Petition for Writ of Certiorari to the U.S. Supreme Court was denied on October 14, 2009. (Docket #501).

On October 5, 2010, Petitioner filed a Motion to Vacate pursuant to 28 U.S.C. § 2255. (Docket #546.) On February 24, 2011, Petitioner's Motion to Vacate was denied. (Docket #568.)

Petitioner filed his Motion for Reconsideration on March 24, 2011. (Docket #569.)

## DISCUSSION

A motion for reconsideration under Fed. R. Civ. P. 59(e) may be granted if there is clear error of law, newly discovered evidence, an intervening change in the controlling law, or to prevent manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). Petitioner asserts that this Court should reconsider its decision denying Petitioner's request for habeas relief, arguing that the reasons set forth in this Court's February 24, 2011 Order are "clearly erroneous with respect to evidence and law."

The Court has thoroughly reviewed Petitioner's Motion and finds no basis upon which to reconsider the February 24, 2011 decision denying Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. Petitioner has failed to demonstrate an error of law in the Court's analysis and application of the law to the facts and circumstances of this case

-3-

and there is nothing in the record to support Petitioner's claim for ineffective assistance of counsel.

## Conclusion

Petitioner's Motion for Reconsideration (Docket #569) is DENIED.

IT IS SO ORDERED.

*/s/ Donald C. Nugent*
DONALD C. NUGENT

United States District Judge

DATED: April 19, 2011